UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
EITTAN VAINSTEIN                    )
19428 Presidential Way              )
Miami, FL 33179                     )
                                    )
                Plaintiff           )     Civ. No. 1:19-cv-1028
v.                                  )
                                    )
DAVID ROARK, Director,              )
U.S. Citizenship and Immigration    )
Services, Texas Service Center      )
4141 N St Augustine Drive           )
Dallas, TX 75227;                   )
                                    )
DONALD NEUFELD, Assoc. Director     )
U.S. Citizenship and Immigration Services, )
Service Center Operations           )
111 Massachusetts Ave., NW MS 2260  )
Washington, DC 20529-2260;          )
                                    )
L. FRANCIS CISSNA, Director,        )
U.S. Citizenship and Immigration Services )
111 Massachusetts Ave., NW MS 2260  )
Washington, DC 20529-2260;          )
                                    )
KEVIN MCALEENAN, Acting Secretary,  )
Department of Homeland Security     )
425 Murray Drive, Building 410      )
Washington, DC 20528;               )
                                    )
WILLIAM P. BARR,                    )
        Attorney General            )
U.S. Department of Justice          )
950 Pennsylvania Ave., NW           )
Washington, DC 20530-0001;          )
                                    )
_____Defendants_____)

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

# INTRODUCTION

1. This case challenges a baseless fraud finding by Defendant U.S. Citizenship and Immigration Services ("USCIS") against the Plaintiff, Mr. Eittan Vainstein, in connection with an immigration petition that he himself did not even file. Specifically, Plaintiff files this Complaint for Declaratory and Injunctive Relief seeking an order from this Court reversing the finding by USCIS that he engaged in fraud or willful misrepresentation of a material fact as the intended beneficiary of a Form I-140, Immigrant Petition for Alien Worker ("I-140 Petition"), filed on his behalf by his former employer. In a written decision dated August 6, 2013, USCIS denied the I-140 Petition and concluded that Plaintiff committed fraud or willful misrepresentation of a material fact, rendering him inadmissible to the United States under section 212(a)(6)(C)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1182(a)(6)(C)(i). The agency's finding of fraud or willful misrepresentation is in violation of the Administrative Procedure Act and should be rescinded, because it is arbitrary, capricious, an abuse of discretion, contrary to law, and not supported by substantial evidence.

2. Defendant USCIS's finding of fraud or willful misrepresentation irreparably harms Plaintiff and his immediate family members, because the finding renders him permanently inadmissible to the United States and ineligible for lawful permanent residency as well as other discretionary immigration benefits. Although Plaintiff is a successful, law-abiding businessman, no other U.S. company may petition to employ him in the United States, because the flawed finding by USCIS leaves him permanently ineligible for employment-based immigration benefits. Additionally, USCIS's decision severely negatively impacts Plaintiff's eligibility for future discretionary immigration benefits, such as asylum (Plaintiff currently has an asylum claim pending before USCIS).

**JURISDICTION**

3. This case arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. §1101 *et seq*. and the Administrative Procedure Act ("APA"), 5 U.S.C. §701 *et seq*. The APA affords any person "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of the relevant statute" the right to seek federal court review of the agency action. 5 U.S.C. §702. This Court has jurisdiction pursuant to 28 U.S.C. §1331, as a civil action arising under the laws of the United States. This Court also has authority to grant declaratory relief under 28 U.S.C. §§2201-02, and injunctive relief under 5 U.S.C. §702 and 28 U.S.C. §§1361-62. The United States has waived sovereign immunity under 5 U.S.C. §702.

**VENUE**

4. Venue is properly with this Court pursuant to 28 U.S.C. §1391(e), because this is a civil action in which the Defendants are employees or officers of the United States, acting in their official capacities, and an agency of the United States that is headquartered and located in the District of Columbia.

**PARTIES**

5. Plaintiff is a 40-year-old native and citizen of Venezuela. He has resided in the United States with his wife and three U.S. citizen children since 2007. Prior to coming to the United States, Plaintiff served as the General Manager of Slik de Venezuela LLC, an import-export corporation in Venezuela. Plaintiff came to the U.S. in 2007 to work for Slik USA ("Slik USA" or "Petitioner" or "the Company"), the U.S. subsidiary of Slik de Venezuela. Between 2008 and 2011, Slik USA filed three separate I-140 Petitions for Alien Worker, for the

benefit of the Plaintiff. Defendant USCIS denied the first petition, which was filed in September 2008. The second petition, which was filed in May 2010, was withdrawn by Petitioner in approximately August 2011. And the third petition, filed in September 2011, was denied by USCIS in August 2013. Plaintiff's claim arises from the agency's finding, made in the August 2013 denial of Slik USA's I-140 Petition, that the Plaintiff engaged in fraud or willful misrepresentation of a material fact and therefore is ineligible for visas or admission to the United States under INA §212(a)(6)(C)(i), 8 U.S.C. §1182(a)(6)(C)(i).

6. Defendant David Roark is named in his official capacity as the Director of the U.S. Citizenship and Immigration Services ("USCIS") Texas Service Center, which is located at 4141 N. St. Augustine Dr., Dallas, Texas 75227. In his official capacity, Director Roark supervises USCIS adjudications of various applications and petitions for immigration benefits, including Form I-140 Petitions for Alien Worker. Director Roark supervised the USCIS personnel who adjudicated all three of Petitioner's I-140 petitions, which were filed for Plaintiff's benefit. The USCIS Texas Service Center is a regional office of USCIS, which is headquartered in Washington, D.C.

7. Defendant Donald Neufeld is named in his official capacity as the Associate Director of USCIS Service Center Operations (SCOPS). USCIS Service Center Operations (SCOPS) is a branch of USCIS, which is headquartered in Washington, D.C. In his official capacity, Associate Director Neufeld oversees the management and operations of USCIS's five Service Centers, including the Texas Service Center. The USCIS Service Centers adjudicate various types of applications for immigration benefits, including the I-140 Petitions filed by Petitioner on Plaintiff's behalf.

8. Defendant L. Francis Cissna is named in his official capacity as Director of USCIS. Director

Cissna supervises all USCIS agency personnel, including those at the Texas Service Center. USCIS Headquarters is located in Washington, D.C..

9. Defendant Kevin McAleenan is named in his official capacity as Acting Secretary of the Department of Homeland Security ("DHS"). Secretary McAleenan is responsible for the administration of the immigration laws, including the processing of petitions for immigration benefits. DHS is headquartered in Washington, D.C..

10. Defendant William P. Barr is named in his official capacity as Attorney General of the United States. The Immigration and Nationality Act, 8 U.S.C. 1103(a)(1), delegates to the Attorney General the power to administer and enforce the INA. The Attorney General's mailing address is U.S. Department of Justice, 950 Pennsylvania Ave., NW, Washington, DC 20530-0001.

## STANDING

11. The Plaintiff has standing to bring this action. Federal courts are empowered under the Constitution to decide only actual, ongoing controversies and have no authority to "render advisory opinions [or] … decide questions that cannot affect the rights of litigants in the case before them." *Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997) (internal citations and quotations omitted). The "case or controversy" requirement means that, throughout the litigation, "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks omitted). Further, the APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. §702. According to the U.S. Supreme Court,

this provision "impose[s] a prudential standing requirement … that a plaintiff have suffered a sufficient injury in fact." *Nat'l Credit Union Admin. v. First Nat'l Bank & Trust Co.*, 522 U.S. 479, 488 (1998). Plaintiff has both constitutional and prudential standing to bring this action under the APA.

12. To establish constitutional standing, a plaintiff must meet three requirements: (1) demonstrate that he or she has suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) show a causal connection between the injury and the complained-of conduct; and (3) establish it is likely that the injury would be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

13. As explained in further detail below, Plaintiff suffered an injury in fact owing to the finding by USCIS, in its decision denying an I-140 petition filed on his behalf by his employer, Slik USA, that Plaintiff is inadmissible under 8 U.S.C. §1182(a)(6)(C)(i) for having committed fraud or willful misrepresentation of material fact. This determination severely restricts Plaintiff's eligibility for discretionary immigration benefits, including adjustment of status to lawful permanent resident. Plaintiff's injury is directly traceable to Defendants' actions and would be redressed by a favorable decision from this Court instructing USCIS to reopen Plaintiff's I-140 proceedings and rescind its unwarranted finding of fraud or material misrepresentation. *See Vemuri v. Napolitano*, 845 F. Supp. 2d 125, 130 (D.D.C. 2012) (finding that beneficiary had constitutional standing to challenge denial of I-140 petition filed on his behalf).

14. Prudential standing requires a plaintiff to demonstrate that the alleged injury "arguably fall[s] within the zone of interests protected or regulated by the statutory provision." *Bennett v.*

*Spear*, 520 U.S. 154, 162 (1997). According to the Supreme Court, the zone of interests test "is not meant to be especially demanding." *Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 399 (1987). In this Circuit, however, "[s]imply being aggrieved by an agency's action is insufficient." *Vemuri*, 845 F. Supp. 2d at 134. To establish standing, a plaintiff also must show that his or her interests are "sufficiently aligned" with the purposes of the relevant statutory provisions." *Id.* at 133 (citing *Amgen, Inc. v. Smith*, 357 F.3d 103 (D.C. Cir. 2004)).

15. Here, Plaintiff is obliged to identify the specific provision of the INA relevant to his situation and explain how the objectives of that provision align with his interests. *See id.* at 133. Plaintiff's injury – erroneously being declared inadmissible for engaging in fraud or willful misrepresentation of a material fact – clearly falls within the zone of interests regulated by the relevant statutory provision, INA §212(a)(6)(C)(i), 8 U.S.C. §1182(a)(6)(C)(i). *See Ghaly v. INS*, 48 F.3d 1426, 1434 n.6 (7th Cir. 1995) (finding plaintiff beneficiary within the zone of interests of marital fraud statute at issue and thus adversely affected by the agency's fraud finding for purposes of the APA, 5 U.S.C. §702); *cf. Vermuri*, 845 F. Supp. 2d at 134 (finding no prudential standing where plaintiff's alleged injury was not within the zone of interests protected by INA's provisions that regulate the labor certification process and employment visa requirements); *Pai v. USCIS*, 810 F. Supp. 2d 102, 111 (D.D.C. 2011) (same).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. Plaintiff has exhausted all available and required administrative remedies. Because Plaintiff is the intended Beneficiary of a Form I-140 Petition for Alien Worker, and is not himself the Petitioner, he has no administrative mechanism to challenge Defendants' allegations that he engaged in fraud or willful misrepresentation of a material fact. The only administrative

remedy available when an I-140 petition is denied is for the Petitioner (the employer) to appeal the determination to the USCIS Administrative Appeals Office ("AAO"). The present suit is Plaintiff's sole avenue to challenge Defendants' adverse finding against him.

17. Slik USA attempted to seek administrative review of Defendants' denial of its third I-140 Petition by filing an appeal with the AAO (Receipt Number SRC-12-900-00914). However, due to a clerical error on the part of Slik USA's prior attorney, the AAO dismissed the appeal on procedural grounds. Therefore, USCIS's decision dated August 6, 2013 is a final agency action. *See* 5 U.S.C. §704.

18. Neither Petitioner nor Plaintiff is required to seek or obtain an administrative remedy prior to pursuing relief from this Court. The Company is not required to appeal Defendants' denial of its I-140 petition prior to filing suit in this Court, because there is no statute or regulation mandating such an administrative appeal. *Darby v. Cisneros*, 509 U.S. 137 (1993); *see also Ore v. Clinton*, 675 F. Supp. 2d 217, 223-24 (D. Mass. 2009) (L-1A petition denial); *EG Enters. v. DHS*, 467 F. Supp. 2d 728, 732-33 (E.D. Mich. 2006) (H-1B petition denial; USCIS agreed in its cross-motion that exhaustion not required).

## FACTUAL BACKGROUND

19. Plaintiff is a 40-year-old businessman from Venezuela. In his native country, from 2004 to 2006, he worked as the General Manager at an import-export company called Slik de Venezuela, C.A. In 2006, Slik USA – the U.S.-based subsidiary of Slik de Venezuela – filed an H-1B Petition for Nonimmigrant Worker on Plaintiff's behalf. USCIS approved the petition and thereafter, Plaintiff entered the United States in H-1B nonimmigrant visa status to begin work as Slik USA's Chief Financial Officer.

20. On September 15, 2009, Slik USA filed with Defendant USCIS a Form I-140, Petition for

Alien Worker, for Plaintiff's benefit in the Multinational Executive/Manager category, pursuant to INA §203(b)(1)(C), 8 U.S.C. §1153(b)(1)(C) (Receipt Number SRC-09-266-53625).

21. On January 12, 2010, USCIS denied the Company's I-140 Petition, after raising concerns that Petitioner had been employing Plaintiff in more of "an advisor or first line manager or supervisor" position as opposed to in a "managerial or executive" position, as is required to qualify a foreign national under this visa category.

22. On May 25, 2010, Slik USA filed a new Form I-140, Petition for Alien Worker, for Plaintiff's benefit. (Receipt Number SRC-10-165-50171).  Again, this petition was filed in the Multinational Executive/Manager category, pursuant to INA §203(b)(1)(C), 8 U.S.C. §1153(b)(1)(C).

23. On November 8, 2010, USCIS issued to Slik USA a Notice of Intent to Deny ("NOID") its I-140 Petition, raising several concerns with the filing. On December 13, 2010, the Company responded to the NOID. About nine months later, on August 8, 2011, not having received a decision from USCIS, Slik USA withdrew the I-140 Petition.

24.  On September 29, 2011, the Company filed a third Form I-140, Petition for Alien Worker, on Plaintiff's behalf. (Receipt Number SRC-12-9000-0914).  This Petition was filed in the Advanced Degree / Exceptional Ability category, pursuant to INA §203(b)(2), 8 U.S.C. §1153(b)(2), based on an approved Application for Permanent Employment Certification (Labor Certification).

25. On September 20, 2012, USCIS issued to Slik USA a Notice of Intent to Deny ("NOID") the third I-140 Petition (Receipt Number SRC-12-900-00914). The NOID alleged inconsistencies within the Petitioner's filing and expressed doubt concerning the authenticity

of signatures on the Petition, deeming it "highly unlikely" that Petitioner's signatories "would have been able to sign documents . . . while traveling abroad." USCIS also took issue with the fact that Petitioner did not disclose, in the Labor Certification, Plaintiff's relationship with Slik USA's former CEO and owner, who is Plaintiff's father-in-law.[1] USCIS threatened to charge Petitioner with "a finding of fraud or misrepresentation" if Petitioner did not submit sufficient documentation to allay USCIS's concerns. Petitioner filed a response to the NOID on October 22, 2012.

26. On August 6, 2013, although the Company had already withdrawn the second I-140 Petition (Receipt Number SRC-10-165-50171) on August 11, 2011, USCIS erroneously adjudicated and denied that Petition. In its decision, USCIS alleged that the Company (1) did not sufficiently establish the affiliate relationship between Slik de Venezuela and Slik USA, and (2) did not submit sufficient evidence that Plaintiff qualified for the visa classification as a Multinational Executive/Manager.  As in the denial of the third I-140 petition, USCIS alleged that "the evidence submitted was falsified," because USCIS concluded that Petitioner's signatories could not have signed the requisite petition forms from outside the United States. USCIS also took issue with the fact that Petitioner failed to disclose the "familial relationship" between Plaintiff (the beneficiary of the Petition) and the company's owner. Noting its "serious concerns regarding the credibility of the documentation discussed and the remaining evidence" submitted by the Company, USCIS stated that it "is also denying this Form I-140 with a finding of fraud or willful misrepresentation of a material fact."

---

[1] Notably, what constitutes a "familial relationship" for purposes of a Labor Certification is not defined in either U.S. labor or immigration statutes, or in the corresponding federal regulations. The Company later argued before USCIS, in its brief in support of the appeal of the denial of its third I-140 Petition (Receipt Number SRC-12-900-00914) that "the INA does define family members as being . . . children, spouse, parents and siblings."

27. In addition, USCIS stated that "the *beneficiary* has submitted false evidence … which misrepresents a material fact" and is therefore inadmissible to the United States under INA §212(a)(6)(C)(i), 8 U.S.C. §1182(a)(6)(C)(i) (emphasis added).  The agency emphasized that its finding of fraud or misrepresentation against Plaintiff "shall be considered" in any future immigration proceedings involving the Plaintiff.

28. On September 4, 2013, Petitioner appealed USCIS's denial of the second I-140 (Receipt Number SRC-10-165-50171) to the AAO, arguing that USCIS committed legal error in adjudicating a withdrawn petition. On April 2, 2014, the AAO sustained Petitioner's appeal, noting that the Company had, indeed, withdrawn the Petition before USCIS rendered its decision, and that USCIS's subsequent adjudication of the Petition was improper. The AAO also formally withdrew USCIS's finding of fraud or misrepresentation.

29. In the meantime, in a notice dated August 6, 2013, USCIS denied Petitioner's third I-140 Petition (Receipt Number SRC-12-900-00914). *See* Exh. A (USCIS Decision Notice). Without stating which "familial relationships" a Petitioner must disclose, USCIS faulted the Company for not disclosing that the beneficiary (Plaintiff) is the son-in-law of the Petitioner's former CEO and owner. USCIS also took issue with the fact that Petitioner's foreign affiliate, Slik de Venezuela, had not registered with "Dun and Bradstreet" (though there is no requirement anywhere in the law that the foreign entity do so).[2] USCIS again

---

[2] "Dun and Bradstreet" is an independent information provider for USCIS's "VIBE" (Validation Instrument for Business Enterprises) program.  According to the agency, VIBE is designed to enhance USCIS's adjudications of employment-based immigration petitions by using independently available data to verify basic information about companies or corporations.  Creating or maintaining records with Dun and Bradstreet is not required.  *See* USCIS, Validation Instrument for Business Enterprises (VIBE) Program, *available at* https://www.uscis.gov/working-united-states/information-employers-employees/employer-information/vibe/validation-instrument-business-enterprises-vibe-program (last accessed Apr. 5, 2019).

challenged the authenticity of the signatures on the forms, even after Petitioner submitted an affidavit from a Forensic Document Examiner confirming the authenticity of the signatures. USCIS continued to claim that the "evidence was falsified" because Petitioner's signatories could not have signed the documents from abroad. Plaintiff categorically denied any falsification of signatures. Nonetheless, USCIS denied the I-140 Petition "with a finding of fraud or misrepresentation."

30. In addition to its fraud finding with respect to the Petitioner, based on evidence submitted by the Petitioner, USCIS made a finding of fraud with respect to the Beneficiary, stating that "the beneficiary has submitted false evidence in the form of supporting evidence, applications and petitions filed on behalf of the beneficiary which were purportedly signed by the petitioner's Directors, which misrepresents a material fact." The decision stated further:

> Section 212(a)(6)(C)(i) of the INA describes classes of aliens ineligible for visas or admission to the United States, and includes, in part, any alien who, by fraud or willful misrepresenting a material fact seeks to procure (or has sought to procure or has procured) a visa … or other benefit provided under the INA.

The decision concluded: "This finding of fraud or willful misrepresentation of a material fact shall be considered in any future proceeding where admissibility is an issue."

31. On or about September 2013, Petitioner attempted to appeal the denial of its third I-140 Petition, and the findings of fraud contained therein, to the AAO. Unfortunately, due to a clerical error by the administrative staff of Petitioner's prior attorney, USCIS mistakenly believed that this appeal (for Receipt Number SRC-12-900-00914), was a duplicate copy of the appeal of USCIS's denial of Petitioner's second I-140 Petition (Receipt Number SRC-10-165-50171). On or about March 16, 2015, believing that the filing was a duplicate copy, USCIS dismissed the filing on procedural grounds. Accordingly, the denial of Petitioner's

third I-140 Petition dated August 6, 2013 is a final agency decision.

## CAUSE OF ACTION

32. Plaintiff files this Complaint pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §701 et seq., because Defendants' finding that Plaintiff engaged in fraud or willful misrepresentation of a material fact was arbitrary, capricious, an abuse of discretion, contrary to law, and not supported by substantial evidence. Plaintiff's claims merit judicial review because he is "adversely affected or aggrieved by agency action." 5 U.S.C. §702. USCIS's finding of fraud or misrepresentation carries substantial adverse immigration consequences for Plaintiff, including rendering him inadmissible under INA §212(a)(6)(C)(i), 8 U.S.C. §1182(a)(6)(C)(i), which effectively bars him from obtaining a U.S. visa or any discretionary immigration benefit in the United States.

33. Defendants' finding that Plaintiff committed fraud or willful misrepresentation, in its August 6, 2013 denial of the third I-140 Petition filed by the Company on Plaintiff's behalf (Receipt Number SRC-12-900-00914), was inappropriate and unwarranted. It is the petitioner – not the beneficiary (the Plaintiff in this action) – who is responsible for collecting and submitting documents in support of an immigrant visa petition, and for affirming the veracity of the contents of the petition. *See* 8 C.F.R. §204.5(k)(1) ("Any *United States employer* may file a petition on Form I-140 for classification of an alien under section 203(b)(2) of the Act as an alien who is a member of the professions holding an advanced degree or an alien of exceptional ability in the sciences, arts, or business.") (emphasis added).

34. The I-140 Petition is submitted by the Company, whose authorized signatory must complete the petition and sign the following statement: "I certify, under penalty of perjury, that I have reviewed this petition, I understand all of the information contained in, and submitted with,

my petition, and all of this information is complete, true, and correct." *See* Form I-140, Immigrant Petition for Alien Workers, *available at* https://www.uscis.gov/system/files_force/files/form/i-140.pdf?download=1 (last accessed Apr. 5, 2019). The beneficiary is not required to sign the Petition or make any attestations with regard to its contents. *Id.* A petitioning company can submit an I-140 petition without any input or review from the beneficiary. And it is not uncommon for a petitioner to withdraw an I-140 Petition without the knowledge or consent of the beneficiary. *See generally* Guidance on Notice to, and Standing for, AC21 Beneficiaries about I-140 Approvals Being Revoked After *Matter of V-S-G- Inc.*, USCIS Policy Memorandum, PM-602-0152 (Nov. 11, 2017), *available at* https://www.uscis.gov/sites/default/files/USCIS/Laws/Memoranda/2017/2017-11-11-PM-602-0152-Guidance-Beneficiary-Standing-Matter-of-V-S-G.pdf . Notably, only as a result of recent litigation has USCIS agreed to notify certain beneficiaries that I-140 Petitions filed on their behalf have been withdrawn. *Id.* Here, USCIS abused its discretion by issuing a finding of fraud or misrepresentation against Plaintiff, who was a mere beneficiary of the employment-based immigrant visa petition filed on his behalf by the petitioning Company.

35. To conclude that a noncitizen is inadmissible under INA §212(a)(6)(C)(i), 8 U.S.C. §1182(a)(6)(C)(i), there must be substantial evidence that (1) the noncitizen made a false statement; (2) the statement was material; (3) the person knew that the statement was false; and (4) the statement was intended to deceive a government official. *See, e.g.*, *Matter of G-G-*, 7 I&N Dec. 161, 164 (BIA 1956).

36. USCIS failed to offer credible or substantiated evidence in support of its determination that Plaintiff submitted false evidence, committed fraud, or made a willful misrepresentation of

material fact in the course of his employer's efforts to sponsor him for an employment-based immigrant visa petition.  In its September 20, 2012 NOID, USCIS raised concerns about the credibility of certain documents submitted by the Petitioning employer in the third I-140 (Receipt Number SRC-12-900-00914), stating: "It is incumbent on *the petitioner* to resolve any inconsistencies in the record by independent objective evidence, and attempts to explain or reconcile such inconsistencies will not suffice unless *the petitioner* submits objective evidence pointing to where the truth lies." (emphasis added).  USCIS noted further: "Should you, *the petitioner*, fail to overcome the above information, USCIS may deny your petition with a finding of fraud or misrepresentation." (emphasis added).  USCIS made no accusation that Plaintiff, the beneficiary of the petition, submitted false evidence, committed fraud, or willfully misrepresented a material fact.  In its August 6, 2013 denial of Petitioner's I-140 (Receipt Number SRC-12-900-00914), in addition to finding that the Petitioning employer committed fraud and willful misrepresentation, USCIS simply stated: "[T]he beneficiary has submitted false evidence in the form of supporting evidence . . . which misrepresents a material fact."  However, USCIS failed to identify what "supporting evidence" Plaintiff allegedly was responsible for providing, or how any fraud or misrepresentation in the various applications and petitions filed on Plaintiff's behalf by Petitioner could be attributed to the Plaintiff.

37. The finding by USCIS that Plaintiff committed fraud or willful misrepresentation, and that he is therefore inadmissible under INA §212(a)(6)(C)(i), 8 U.S.C. §1182(a)(6)(C)(i), amounts to agency action that is arbitrary and capricious, an abuse of discretion, and otherwise in violation of law.

38. In light of the extremely harsh consequences of a fraud finding – including permanent

ineligibility for visas and inadmissibility to the United States – in assessing whether a person is inadmissible for fraud or misrepresentation, the factual basis of such a finding must be given close scrutiny and USCIS must consider all relevant evidence bearing on the matter. *See Matter of Healy and Goodchild*, 17 I&N Dec. 22, 28 (BIA 1979); *cf. Butte County v. Hogen*, 613 F.3d 190 (D.C. Cir. 2010) (finding agency's refusal to consider relevant evidence an arbitrary agency action). USCIS failed to do so in this case. In its NOID and denial, the agency raised numerous concerns about evidence submitted by, and statements proffered by, the Petitioning employer.  In contrast, prior to the denial, USCIS offered no factual basis, and in fact gave no indication, that Plaintiff might be accused of fraud or willful misrepresentation.  It is the Petitioner, not the Plaintiff, who was responsible for submitting evidence in support of the I-140 Petition filed on Plaintiff's behalf.

39. Plaintiff and his family are aggrieved and severely prejudiced by Defendants' arbitrary and capricious actions.

40. Plaintiff seeks reopening of Slik USA's I-140 denial not for re-adjudication of the petition on the merits, or approval of the I-140 petition.  Rather, Plaintiff seeks this Court's intervention solely to correct Defendants' legal error in finding that Plaintiff engaged in fraud or willful misrepresentation of a material fact, and is thus rendered "ineligible for visas or admission to the United States" under INA §212(a)(6)(C)(i), 8 U.S.C. §1182(a)(6)(C)(i). Specifically, Plaintiff requests that the Court instruct USCIS to reopen the third I-140 Petition (Receipt Number SRC-12-900-00914) filed by the Company for Plaintiff's benefit and rescind the finding of fraud or willful misrepresentation against the Plaintiff. Doing so would redress the injury suffered by Plaintiff as a result of the agency's unjustified finding and would preserve his eligibility to seek discretionary immigration benefits in the United States.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1. Declare that USCIS's administrative finding of fraud or willful misrepresentation issued against Plaintiff is arbitrary and capricious and contrary to law, in violation of the APA;

2. Order that USCIS rescind the finding of fraud or willful misrepresentation issued against Plaintiff and issue a new decision which omits that specific finding;

3. Grant attorneys' fees and costs pursuant 28 U.S.C. §2412, 28 U.S.C. §1920, Fed. R. Civ. P. 54(d), and other authority; and

4. Grant such other and further relief that the Court deems reasonable and proper.

Respectfully submitted this 12th day of April 2019,

*By counsel,*

     */s/ Thomas K. Ragland*

Thomas K. Ragland
D.C. Bar No. 501021
CLARK HILL PLC
1001 Pennsylvania Avenue, NW
Suite 1300 South
Washington, DC 20004
T: 202.552.2360
F: 202.552.2384
E: tragland@clarkhill.com

     */s/ Sandra A. Grossman*

Sandra A. Grossman
GROSSMAN YOUNG & HAMMOND, LLC
4922 Fairmont Ave., Ste 200
Bethesda, MD 20814
T: 240.403.0913
F: 240.630.8948
E: sgrossman@grossmanyoung.com

*Counsel for Plaintiff*